**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

APRIL C. ROBERTS,

        Plaintiff,

-vs-                            Case No:       26-CV-917

AFFILIATED HOME HEALTH CARE, INC.,

and

GRACE QUIRKE,

        Defendants.

## COMPLAINT

Plaintiff, by and through her attorneys, Fox & Fox, S.C., against the above-named defendants, alleges as follows:

### I.     NATURE OF ACTION

1. Plaintiff brings this civil action under Title VII (42 U.S.C. § 2000e et. al) and § 1981 (42 U.S.C. § 1981) against Affiliated Home Health Care, Inc. ("Affiliated"), and Grace Quirke, alleging race discrimination and retaliation. Plaintiff alleges that she was treated differently on the basis of race and was unlawfully terminated based on race and for opposing race discrimination in the workplace.

2. Plaintiff seeks compensation for her losses including past and future loss of wages and benefits, psychological injury, emotional distress, loss of reputation, career damage, and attorney fees and costs. Plaintiff also seeks punitive damages for an intentional and/or reckless deprivation of her rights.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction). The Eastern District of Wisconsin is the proper venue for this action under 42 U.S.C. § 1391 (b) (2) because plaintiff's claims arose within the geographical boundaries of the Eastern District of Wisconsin.

## III. PARTIES

4. The plaintiff, April C. Roberts, is an adult resident of the State of Wisconsin currently residing at 1525 W. Mario Lane, Oak Creek, Wisconsin 53154. At all times relevant, plaintiff was employed by Affiliated.

5. The defendant, Affiliated, is a Wisconsin business and employer, with a principal address of 6737 W. Washington Street, Suite 2211, West Allis, Wisconsin 53214, with the capacity to sue and be sued in this Court. Affiliated is an employer within the meanings of Title VII and § 1981.

6. Upon information and belief, defendant Grace Quirke, is a part owner of Affiliated and an adult resident of the State of Wisconsin residing at 6618 S. Parkedge Circle, Franklin, WI 53132.

7. The Registered Agent for Affiliated is Richard Quirke, 6737 W. Washington Street, Suite 2211, West Allis, Wisconsin 53214.

## IV. FACTUAL ALLEGATIONS

8. Affiliated is a health care business that provides in-home health care services throughout the Milwaukee metro area.

9. On June 10, 2008, plaintiff was hired by Affiliated as a registered nurse ("RN") to provide in-home health care to clients throughout the Milwaukee metro area.

2

10.     Throughout her 17 years of employment, plaintiff performed her job in a satisfactory manner.

11.     At all relevant times, Grace Quirke ("Quirke"), Hispanic/Latina, was an owner and administrator of Affiliated and made decisions regarding client referrals, caseload assignments, and discipline including termination.

12.     For at least a year prior to March 2025, plaintiff's workload steadily and significantly declined despite her repeated requests for additional client referrals. During this time, plaintiff also observed that Affiliated failed to place Black RNs on the southside of Milwaukee and only placed Hispanic/Latino or Caucasian RNs in that area.

13.     On or about March 25, 2025, plaintiff spoke directly with Quirke and LeAnne Villalobos (Hispanic/Latina), Defendant's office manager, regarding the consistent reduction in her workload and inquired when she would be assigned the next client referral.

14.     During this conversation, Quirke claimed the company was not receiving new work; however, plaintiff observed on the weekly schedule that new clients were in fact being assigned to other non-Black RNs.

15.     In the same conversation, Quirke and Villalobos informed plaintiff that Quirke had recently convinced a Hispanic/Latina RN to leave her job at the health department to work full-time for Affiliated by offering her the entire former caseload of a Caucasian RN who had retired on or about January 3, 2025.

16.     Prior to and during this period, plaintiff had repeatedly requested additional work to cover portions of the Caucasian RN's caseload, but those requests were denied.

17.     On March 31, 2025, Quirke texted plaintiff advising that an RN was quitting and that plaintiff would have first choice of that RN's client caseload.

3

18. On April 4, 2025, Quirke texted plaintiff and, during a subsequent telephone conversation, informed plaintiff that a Caucasian RN had already selected several clients from the RN that was quitting and that plaintiff could only have whatever clients remained.

19. When plaintiff complained that she felt the company's practices were racially discriminatory, Quirke began yelling at plaintiff and abruptly ended the call.

20. When plaintiff next reported to the office, she discovered that a personal gift she had previously given Quirke had been returned and placed in her mailbox.

21. On or about April 17, 2025, Quirke told multiple RNs in the office that plaintiff had filed a complaint and was suing the company for race discrimination.

22. On April 24, 2025, at approximately 1:00 p.m., plaintiff received a telephone call from a co-worker. The co-worker informed plaintiff that Quirke had just fired plaintiff and requested that the co-worker take on several of plaintiff's clients.

23. Later that day, plaintiff received a termination letter via email.

24. In the termination letter, defendants stated that plaintiff was terminated because she questioned a discriminatory practice related to assigning employees to patients and complained of race discrimination. Attached hereto and labeled as Exhibit A is a true and correct copy of the termination letter, dated April 24, 2025.

25. Plaintiff filed a timely complaint with the EEOC alleging race discrimination and retaliation. On March 11, 2026, the EEOC issued a Notice Of Right To Sue Letter due to conciliation failure. Plaintiff has properly met all administrative and procedural prerequisites for filing this action.

4

## V. FIRST CAUSE OF ACTION: TITLE VII
### *(Against Affiliated Home Health Care, Inc.)*

26. For a first cause of action against defendant under Title VII, plaintiff realleges each of the preceding paragraphs as though set forth fully herein.

27. Through the unlawful conduct described in the preceding paragraphs, including but not limited to treating plaintiff differently than non-black employees as it relates to the terms and conditions of employment, the termination of her employment based on race and in retaliation for opposing discrimination in the workplace, Affiliated discriminated against plaintiff because of her race and in retaliation for engaging in protected activity in violation of her rights under Title VII.

28. Affiliated's conduct as described above caused plaintiff substantial injuries and damages including but not necessarily limited to front and back wage and benefit loss, loss of earning capacity, severe emotional distress, loss of reputation and humiliation and embarrassment. Plaintiff will continue to suffer these injuries and damages in the future.

29. The actions of Affiliated as described above were taken in wanton, willful and/or reckless disregard of the plaintiff's federally protected rights thereby entitling plaintiff to an award of punitive damages against Affiliated.

## VI. SECOND CAUSE OF ACTION: 42 U.S.C. § 1981
### *(Against Affiliated Home Health Care, Inc. & Grace Quirke)*

30. For a second cause of action against the defendant under 42 U.S.C. § 1981, plaintiff realleges each of the preceding paragraphs as though set forth fully herein.

31. By engaging in the conduct described in the preceding paragraphs, defendants discriminated against the plaintiff in regard to the terms and conditions of her employment because of her race, terminated her employment because of her race, and retaliated against plaintiff for opposing racial discrimination in employment in violation of plaintiff's rights under 42 U.S.C. § 1981.

5

32.     The actions of defendants described above were a proximate cause of damages sustained by plaintiff including but not limited to past and future loss of wages and benefits, psychological injury, emotional distress, loss of reputation, and damage to her career. Plaintiff will continue to suffer these damages in the future.

33.     The actions of defendants as described above were taken in wanton, willful and/or reckless disregard of the plaintiff's federally protected rights, thereby entitling plaintiff to an award of punitive damages against defendants.

## VII.   THIRD CAUSE OF ACTION – PUNITIVE DAMAGES
### *(Against Affiliated Home Health Care, Inc. & Grace Quirke)*

34.     Defendants' actions as alleged above were intentional and undertaken with malice and reckless indifference to plaintiff's rights under Title VII and § 1981 thereby entitling plaintiff to an award of punitive damages.

## VIII. JURY DEMAND & PRAYER FOR RELIEF

The plaintiff demands that the issues in the above-captioned matter be tried by a jury of twelve persons.

WHEREFORE, the plaintiff demands judgment as follows:

a.      Back wages and benefits;

b.      Reinstatement or front pay/benefits in lieu of reinstatement;

c.      Loss of earning capacity;

d.      Compensatory damages in an amount to be determined;

e.      Punitive damages against the defendant;

f.      A finding of unlawful discrimination and retaliation in violation of federal law;

6

g.      An order prohibiting retaliation against the plaintiff;

h.      Reasonable attorney fees and costs incurred; and

i.      Such other relief as the Court may deem just and proper.

Dated in Monona, Wisconsin this 22nd day of May, 2026.

Respectfully submitted:

**FOX & FOX, S.C.**

ATTORNEYS FOR PLAINTIFF

/s Christopher M. Kloth
SBN: 1061498
124 W. Broadway
Monona, WI 53716
T: 608/258-9588
F: 608/258-9105
ckloth@foxquick.com